Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5637 | **DATE** | 4/23/2002 |
| **CASE TITLE** | Debra Rae Wolinsky, et al vs. Life Insurance Company of Georgia | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss (Doc. No. 13-1) is granted and this case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 2 4 2002 date docketed | 16 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 4/23/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

DOCKETED
APR 2 4 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA RAE WOLINSKY and LOUIS GANS, as Co-Trustees of the Leonard Chavin Irrevocable Insurance Trust,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF GEORGIA, a Georgia Corporation,<br><br>Defendants. | No. 01 C 5637<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Debra Rae Wolinsky and Louis Gans ("Plaintiffs"), as Co-Trustees of the Leonard Chavin Irrevocable Trust, have brought this action against Defendant Life Insurance Company Of Georgia ("LICG") alleging fraud, fraudulent misrepresentation, negligent misrepresentation, and negligent training and supervision. LICG has moved to dismiss all four counts of the first amended complaint as time-barred. Plaintiffs have made no response to the motion, and, for the reasons explained below, it is granted.

## FACTS

On or about June 24, 1989, Alan Zwirn, an agent of the Defendant, met with Leonard Chavin and Debra Rae Wolinsky at Mr. Chavin's business office to discuss the purchase of a flexible adjustable premium life insurance policy for Chavin. (Amended Complaint. at ¶¶ 6-7.) A policy was issued to Chavin on August 25, 1989. (Policy No. 3467066, Ex. 1 to Plaintiff's First Amended Complaint (hereinafter "Policy"). At the center of the dispute is the allegation that LICG's agent Zwirn made "oral and written misrepresentations and agreements" to Chavin and Wolinsky, allegedly promising them that the Policy would "always" remain in force in the face amount if the minimum monthly premium were paid ($375) or the annual premium were paid ($4,500) for a total of seven years, that no further premiums would have to be paid out-of-pocket by the Policy owner(s), and that the minimum face amount of coverage ($250,000) would be provided until the maturity date of August 25, 2057 (Chavin's 95th birthday) unless loans were taken against the policy. (Id. at ¶ 9.)

Plaintiffs complaint does not allege that any of the alleged misrepresentations were written,

and the Policy itself, issued on August 25, 1989, is inconsistent with Zwirn's alleged promises. The Policy does not state nor does it suggest that premium payments will only be required for seven years. It states that payments of $4,500 will be made annually. (Policy p.1.) Under the section entitled "Your Payment of Premiums", the Policy states that "if regular premium payments are not made, insurance may continue in force as shown under 'Continuation of Insurance,' a subsection of 'How the Cash Value is Applied.'" (*Id.* at 10.) According to the "Continuation of Insurance," provision, the insurance coverage automatically continues in force without regular premium payments, but only so long as the net cash value is sufficient to cover each monthly/annual deduction as it becomes due. (*Id.* at 16.) The insurance then continues as "term insurance" until the monthly/annual due date when the net cash value is insufficient to cover the required deduction. At that time, a "Grace Period" begins, and Policy coverage ends unless a sufficient premium is paid during the grace period. (*Id.* at 11.)

## DISCUSSION

LICG has moved under FED. R. CIV. P. 12(b)(6) to dismiss Plaintiffs' First Amended Complaint. Although the statute of limitations constitutes an affirmative defense, the limitations defense may be raised in a Rule 12(b)(6) motion when the face of the complaint reveals that the cause of action has not been brought within the applicable limitations period. *Tregenza v. Great American Communications, Co.*, 12 F.3d 717, 718 (7th Cir. 1993). In reviewing the complaint, the court accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Asad v. Hartford Life Insurance Co.*, 116 F. Supp. 2d 960, 963 (N.D. Ill. 2000) (citing *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

LICG argues that Plaintiffs' fraud and negligence claims are barred by the applicable statute of limitations. Under Illinois law, a plaintiff must bring a claim for both fraud and negligence within five years of its accrual. 735 ILCS 5/13-205; *see also Gallagher Corp. v. Massachusetts Mutual Life Insur. Co.*, 105 F. Supp. 2d 889, 898 (N.D. Ill. 2000); *Fitton v. Barrington Realty Co.*, 273 Ill. App. 3d 1017, 1019, 653 N.E.2d 1276, 1278 (1st Dist. 1995). A cause of action accrues when the plaintiff knows or reasonably should have known of the injury and that the injury was wrongfully

caused. *Gallagher*, 105 F. Supp. 2d at 898 (citations omitted). LICG argues that the fraud and negligence claims accrued in 1989, when the Policy was issued to Chavin.

The court agrees. Plaintiff Wolinsky and Mr. Chavin were reasonably put on notice of the injury when they received the written Policy. *See Gallagher*, 105 F. Supp. 2d. 889. Its terms unambiguously state that flexible premiums must to be paid, not merely for seven years, but until the maturity date of August 25, 2027. In addition, the Policy explains how the premiums are to be paid, and warns that in the event the premiums are not paid (and the grace period expires), the Policy will no longer remain in effect. Although LICG's agent allegedly made oral representations to induce Chavin and Wolinsky to purchase the policy, the injury they complain of–the obligation to make premium payments for greater than seven years–is explicitly set out in the insurance policy. As a result, the terms of the policy govern, and the Plaintiffs were on notice as of its purchase. *See In re VMS Ltd. Partnership Securities Litigation*, 1992 WL 249594, at *17 (N.D. Ill. Sept. 25, 1992) (written materials contradicting alleged misrepresentations put plaintiffs on notice of their fraud claims and started the running of the statute of limitations); *Melko v. Donisio*, 219 Ill. App. 3d 1048, 1057, 580 N.E.2d 586, 590 (2d Dist. 1991) (statute of limitations began to run on fraud claim when plaintiff received and signed documents contradicting alleged misrepresentations). Plaintiffs' claims accrued on August 25, 1989. The statute of limitations ran five years later, in 1994, long before the filing of this action.

Defendant LICG has argued in the alternative that Plaintiffs' claims of negligent misrepresentation and negligent training and supervision are barred by the economic loss doctrine. In light of the court's resolution of the timeliness issue, it need not reach the alternative argument.

## CONCLUSION

For the reasons set forth above, LICG's motion to dismiss (Doc. No. 13-1) is granted and this case is dismissed.

ENTER:

Dated: April 23, 2002

REBECCA R. PALLMEYER
United States District Judge

3